IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| READING ELECTRICAL JOINT APPRENTICESHIP AND TRAINING COMMITTEE<br>20 Morgan Drive<br>Sinking Spring, PA 19608,<br><br>                    Plaintiff<br><br>     v.<br><br>John Caltagirone<br>600 Calco Avenue<br>Sinking Spring, PA 19608,<br><br>                    Defendant | CIVIL ACTION |

## CIVIL ACTION—COMPLAINT

### I.   INTRODUCTION

1. Plaintiff brings this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, to compel compliance with the decision of an arbitrator rendered pursuant to the dispute resolution provisions of a series of contracts between the parties.

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter under 28 U.S.C. §1331, 29 U.S.C. §§ 50 et seq., and 29 U.S.C. §186(c)(5)).

3. Venue is appropriate in that Plaintiff maintains it office, the arbitration proceedings that produced the award Plaintiff seeks to enforce were held, and the arbitration award was issued within the geographical boundaries of the Eastern District of Pennsylvania.

## III. PARTIES

4. Plaintiff, Reading Electrical Joint Apprenticeship and Training Committee ("JATC"), is a labor-management group composed of representatives from Local 743, International Brotherhood of Electrical Workers ("Local 743") and the Reading Division Penn-Del-Jersey Chapter of the National Electrical Contractors Association ("NECA"). The JATC maintains its principal place of business at 20 Morgan Drive, Sinking Spring, PA 19608. It is funded by a trust fund administered under Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5), and the trust is funded exclusively by contributions from employers who contract with Local 743.

5. Defendant, John Caltagirone, is an individual who maintains his residence at 600 Calco Avenue, Sinking Spring, PA 19608.

## IV. FACTS GIVING RISE TO A CAUSE OF ACTION

6. At all times material to this action, Local 743 and NECA were signatory to a collective bargaining agreement ("CBA) that governed the terms and conditions of employment for all Local 743 members. A true and correct copy of the CBA is attached as Exhibit 1.

7. The purpose of the JATC is to train apprentice electricians to become journeyman electricians.

8. The CBA establishes at Article V, among other things, the structure of the JATC, its responsibilities and procedures, its authority to remove apprentices from the program, and the structure of the JATC's curriculum.

9. Section 5.09 of the CBA specifically provides that the parties to the CBA are "bound to the Joint Apprenticeship and Training Trust Fund Agreement which shall conform to Section 302 of the Labor-Management Relations Act of 1947 as amended, ERISA and other applicable regulations."

10. Individuals desiring to participate in the JATC's five-year training program are required to sign an Apprentice Scholarship Loan Agreement ("SLA") for each academic year. True and correct copies of the five SLAs signed by Defendant are attached as Exhibit 2.

11. At all times relevant to this action, the SLA provided that apprentices would receive an academic loan of $2,000.00 to fund their training with the JATC. By the terms of the SLA, apprentices are to repay the loan either by cash payments or by "in-kind credits received by working in the Electrical Industry under the terms of collective bargaining agreements that provide for the payment of contributions by employers to the Committee or to another Join Apprenticeship and Training Committee sponsored by or affiliated with a local union of the IBEW." Exhibit 2, pp. 1-2.

12. On November 7, 2012, during his fifth year in the JATC program, Defendant was placed on probation due to repeated violations of the rules of the program, including poor academic performance. Defendant was notified of this decision in writing, and informed that any future infraction would result in his termination.

13. On February 4, 2013, Defendant was terminated from the JATC program due to additional infractions. Again, Defendant was notified of this decision in writing. He was also informed that the JATC would institute proceedings to collect those amounts due under the SLA.

14. On April 10, 2013, the JATC filed a Demand for Arbitration with the American Arbitration Association ("AAA), seeking damages in the amount of $1,074.63. This amount

represented the $2,000.00 forwarded to Defendant for the 2012-2013 academic year, pro-rated to account for his termination before the conclusion of the academic year. The demand was increased on June 19, 2013 to $9,074.63, which represented the total amount forwarded to Defendant throughout his training with the JATC, pro-rated to account for his termination before the conclusion of the 2012-2013 academic year.

15. On July 3, 2013, Defendant filed a counterclaim against the JATC as follows:

> Apprenticeship Training Committee wrongfully terminated John M. Caltagirone resulting in lost wages and stress related [sic] shingles. Committee also refuses to release accrued 401(k) and pension monies.

16. AAA appointed Sandra S. Christianson, Esq. as the arbitrator in this matter on July 11, 2013.

17. The JATC filed its response to the counterclaim on July 23, 2013.

18. On August 14, 2013, the arbitrator held a preliminary hearing by phone with the parties and issued a scheduling order. The arbitration hearing was scheduled for October 1, 2013.

19. After hearing all testimony and reviewing all evidence presented at the arbitration hearing, the arbitrator issued an award on October 18, 2013 as follows, in relevant part:

> 1. Claim of the Reading Electrical Joint Apprenticeship Committee is GRANTED in the amount of $9,074.63.
> 2. The Counterclaim of John M. Caltagirone is DENIED/DISMISSED.
> 3. Each Party shall bear their own costs, expenses and attorney fees.

A true and correct copy of the Arbitration Award is attached as Exhibit 3.

20. On November 6, Defendant contacted Counsel for the JATC to discuss payment arrangements. Those discussions, though extensive, proved futile.

21. Defendant has informed Counsel for the JATC on multiple occasions that he has placed the amount awarded to the JATC in escrow, but will not release the funds unless the JATC satisfies a condition he has placed upon his compliance with the Award. Defendant, who was unrepresented at the arbitration hearing, informed Plaintiff's Counsel on November 7, 2013, that an unidentified attorney would "be in touch with you . . . to get my accredited classes for the four years passed and to resolve this financial matter." On November 18, 2013, Defendant informed Plaintiff's Counsel that "[t]he funds of $9,074.00 [sic] will be held in escrow until my credits are released to me by [the JATC]." When informed that Plaintiff would file a motion with this Court in order to compel his compliance with the Award, Defendant stated that he would inform the Court that the funds would be released when he received his "credits."

22. To date, Defendant has never explained what he is requesting as a condition of his compliance with the Award.

23. Defendant is required by law to comply with the Award without placing any conditions on his compliance.

24. To date, Defendant has failed to comply with the Award.

## COUNT I
### 29 U.S.C. §186

25. Plaintiff incorporates by reference the allegations set forth above in paragraphs 1-24 of this Complaint as if more fully stated herein.

26. Defendant's refusal to comply with the final and binding arbitration award constitutes a breach of the SLA.

27. Defendant's failure and refusal to comply with the arbitration award has been undertaken in bad faith, and with total disregard of his obligations under the Award and the SLA.

WHEREFORE, Plaintiff, International Brotherhood of Electrical Workers Local Union No. 743, respectfully requests that this Honorable Court enter the following necessary relief:

    a.    an Order requiring Defendant to comply fully with the arbitrator's October 18, 2013 Award by, *inter alia*, making payment to the JATC of the $9,074.63 representing damages resulting from Defendant's breach of the SLA;

    b.    an Order requiring Defendant to pay Plaintiff's reasonable attorneys' fees and costs of this action, as provided by the SLAs; and

    c.    such other and future relief as this Court deems just and proper.

Dated at Philadelphia, Pennsylvania this 2nd day of January, 2014.

**JENNINGS SIGMOND, P.C.**

*/s/ Moira McGuire Kulik*
MOIRA McGUIRE KULIK
(I.D. No. 202879)
The Penn Mutual Towers, 16th Floor
510 Walnut Street
Philadelphia, PA 19106-3683
(215) 922-6700
fax (215) 922-3524
mkulik@jslex.com